IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THE HOTEL EMPLOYEES AND RESTAURANT
EMPLOYEES INTERNATIONAL UNION WELFARE
FUND, H.W. WARD, as fiduciary of THE HOTEL
EMPLOYEES AND RESTAURANT EMPLOYEES
INTERNATIONAL UNION WELFARE FUND, THE
UNITE HERE NATIONAL RETIREMENT FUND,
f/k/a THE HOTEL EMPLOYEES AND RESTAURANT
EMPLOYEES INTERNATIONAL UNION PENSION
FUND, RICHARD N. RUST, as fiduciary of THE
UNITE HERE NATIONAL RETIREMENT FUND,

|  |
| --- |
| Case No. 08CV2764 |
| Assigned to Judge Pallmeyer |
| Magistrate Judge Schnkier |
| Filed 05-13-2008 |

                    Plaintiffs,

v

SHUBH HOTELS DETROIT, LLC, d/b/a SHERATON
DETROIT RIVERSIDE HOTEL, a Michigan limited
Liability corporation, f/k/a HOTEL PONTCHARTRAIN,

                    Defendant.

| | |
| --- | --- |
| LAURA M. FINNEGAN | BERTON K. MAY |
| Attorney for Plaintiffs | Attorney for Defendant |
| 200 West Adams Street, Ste. 2200 | 5777 W. Maple Rd., Ste. 180 |
| Chicago, IL 60606-5231 | West Bloomfield, MI 48322 |
| (312) 236-4316 | (248) 626-5555 |
| lmfinnegan@baumsigman.com | bkmay@maysucher.com |

## ANSWER TO COMPLAINT

Defendant, Shubh Hotels Detroit, LLC, doing business as Sheraton Detroit

Riverside Hotel, a Michigan limited liability corporation ("SHUBH"), through counsel,

hereby Answers Plaintiff's Complaint as follows:

### JURISDICTION

1.    Admitted.

### PARTIES

2.    Admitted.

3.    Upon information and belief, admitted.

4.    Admitted.

5.    Upon information and belief, admitted.

6.    Admitted.

## VENUE

7.    Defendant neither admits nor denies this allegation, as Defendant lacks information sufficient to form a belief as to the truth of this allegation but leaves Plaintiff to its proofs.

## FACTS

8.    Admitted.

9.    Upon information and belief, admitted.

10.    Admitted in part.   Specifically, Defendant admits that they are under agreement to pay certain monies to the Plaintiff, as outlined in such agreement. However, Defendant denies that there are interest, liquidated damages, attorney fees, costs, audit costs, court costs or other reasonable costs that were necessarily incurred as a result of any act, omission or error on the part of Defendant, however, Plaintiff is left to its proofs.

11.    Admitted in part.   Specifically, Defendant admits that Plaintiff has apparently made attempts to comply with all requirements.   However, it appears that certain information and an audit performed by Defendant may have had errors contained within them that caused Defendant's financial obligation to be incorrect.

12.    Neither admitted nor denied for the reason that Defendant lacks information sufficient to form a belief as to the truth of this allegation, but leaves Plaintiff to its proofs.

## COUNT I – WELFARE FUND DELINQUINCIES

13.    Defendant hereby incorporates by reference Paragraphs 1 through 12 of its Answer to this Complaint as though full set forth herein.

14.    Admitted in part.  Defendant admits that, in fact, payments have not been made from January 2008 through filing of this cause of action.  However, Defendant has recently undertaken an extensive audit regarding these accounts and payments that are claimed due and has uncovered errors and/or incorrect information.  A copy of this audit was recently forwarded to counsel for Plaintiff.

15.    Admitted in part.  Defendant admits it has not made some the required contributions from February 2005 through December 2006.  Defendant affirmatively states that there appears to be an error in regard to the records pertaining to the employees entitled to such contributions and Defendant is currently undertaking an audit in regard to this matter in an attempt to determine whether the error lies and the correct amounts due and owing.  Defendant denies Plaintiff is entitled to liquidated damages, interest or audit fees.

16.    Defendant admits that it is indebted to the Plaintiff.  However, the amounts of the indebtedness are disputed and are currently the subject of an extensive audit being conducted in this matter.

17.    Defendant neither admits nor denies this allegation, as Defendant lacks information sufficient to form a belief as to the truth of this allegation.  Specifically, if in fact it is determined that certain periods of time had overages paid, rather than under contributions, such overages would offset any interest to which Plaintiff may be entitled.

18.     Defendant admits that funds are due and owing the Plaintiff from the Defendant.   However, the amount and nature of such damages is disputed and is currently the subject of an extensive audit.

19.     Defendant neither admits nor denies the allegation contained in Paragraph 19, but leaves Plaintiff to its proofs.

## COUNT II - PENSION FUND DELINQUINCIES

20.     Defendant hereby incorporates by reference Paragraphs 1 through 19 of its Answer as though fully set forth herein.

21.     Admitted in part.  Defendant admits that, in fact, payments have not been made from November 2007 through filing of this cause of action.  However, Defendant has recently undertaken an extensive audit regarding these accounts and payments that are claimed due and has uncovered errors and/or incorrect information.  A copy of this audit was recently forwarded to counsel for Plaintiff.

22.     Admitted in part.  Defendant admits it has not made some the required contributions from February 2005 through December 2006.  Defendant affirmatively states that there appears to be an error in regard to the records pertaining to the employees entitled to such contributions and Defendant is currently undertaking an audit in regard to this matter in an attempt to determine whether the error lies and the correct amounts due and owing.  Defendant denies Plaintiff is entitled to liquidated damages, interest or audit fees.

23.     Defendant admits that it is indebted to the Plaintiff.  However, the amounts of the indebtedness are disputed and are currently the subject of an extensive audit being conducted in this matter.

24.    Defendant neither admits nor denies this allegation, as Defendant lacks information sufficient to form a belief as to the truth of this allegation. Specifically, if in fact it is determined that certain periods of time had overages paid, rather than under contributions, such overages would offset any interest to which Plaintiff may be entitled.

25.    Defendant admits that funds are due and owing the Plaintiff from the Defendant. However, the amount and nature of such damages is disputed and is currently the subject of an extensive audit.

26.    Defendant neither admits nor denies the allegation contained in Paragraph 19, but leaves Plaintiff to its proofs.

## PRAYER FOR RELIEF

Defendant, SHUBH HOTELS DETROIT, LLC, doing business as Sheraton Detroit Riverside Hotel, a Michigan limited liability corporation, through counsel, MAY & SUCHER, PLLC, hereby requests that this Court award Plaintiff only those damages to which Plaintiff is entitled after the proofs are presented in this matter.

Respectfully submitted,

**MAY & SUCHER, P.L.L.C.**


/S/ Berton K. May
BERTON K. MAY
Attorney for Defendant
5777 W. Maple Road, Ste. 180
West Bloomfield, Michigan  48322
(248) 626-5555
bkmay@maysucher.com

DATED:  July 22, 2008

## AFFIRMATIVE DEFENSES

Shubh Hotels Detroit, LLC, doing business as Sheraton Detroit Riverside Hotel, a Michigan limited liability corporation, by and through counsel, sets forth the following Affirmative Defenses:

1.    The amount claimed by Plaintiff in their suit are incorrect and inaccurate and, in fact, are greater than the figures actually owed.

2.    The audit previously conducted by Plaintiff contains inaccurate information and therefore the figures are incorrect.

3.     Mutual Mistake on the part of all parties in regard to the calculation of payment figures.

5.    Defendant reserves the right to amend these affirmative defenses as discovery in this matter is undertaken and more information pertaining to the basis of Plaintiff's figures is disclosed and investigated.

Respectfully submitted,

**MAY & SUCHER, P.L.L.C.**

/S/ Berton K. May_____
BERTON K. MAY
Attorney for Defendant
5777 W. Maple Road, Ste. 180
West Bloomfield, Michigan  48322
(248) 626-5555
bkmay@maysucher.com

DATED:  July 22, 2008

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

THE HOTEL EMPLOYEES AND RESTAURANT
EMPLOYEES INTERNATIONAL UNION
WELFARE FUND, et al

        Plaintiff,

    vs                     HONORABLE REBECCA PALLMEYER
                             CASE NO.:  08-cv-2764

SHUBH HOTELS DETROIT, L.L.C. d/b/a
SHERATON DETROIT RIVERSIDE HOTEL, et al,

        Defendant

_____/

| | |
|---|---|
| Laura M. Finnegan | Berton K. May |
| Attorney for Plaintiff | Attorney for Defendant |
| Baum, Sigman, Auerbach & Neuman, Ltd. | May & Sucher, PLLC |
| 200 West Adams Street, Suite 2200 | 5777 W. Maple Road, Suite 180 |
| Chicago, IL 60606 | West Bloomfield, Mi 48322 |
| 312.236.4316 | 248.626.5555 |
| lmfinnegan@baumsigman.com | bkmay@maysucher.com |

_____/

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2008, I electronically filed the foregoing paper(s) with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel and parties who have appeared electronically in this matter.

                    /s/   Berton K. May
                    Berton K. May (P42317)
                    5777 W. Maple Road, Suite 180
                    West Bloomfield, MI 48322
                    (248) 626-5555
                    bkmay@maysucher.com